I'm David Clark on behalf of Mr. Graham and I guess following the last case I'm also here to overturn a harsh result that was entered against a lawyer. But your client had quite a bit more due process. He certainly did, that's correct. I mean he had a chance to put on evidence and had a judge rule on it and basically ruled against him on the facts. That's true and I'm well aware of the issues on factual review. It's like mounting clear air. On the other hand the application and the interpretation of the tax code is reviewed de novo. But what you basically have here, if I just cut to the chase, what you basically have here is a termination of intent to defraud the Commissioner of the United States and the question is did he do all these very suspicious things, which he did, simply to hide assets from creditors or did he do them also to conceal assets from the tax authorities? And you have a judge look at it and by and large it seems to be a highly factual determination. What is it here? What law is it to apply here? Well with respect to the 1995 year let me address that. There was substantial evidence on the record of a plausible non-tax motive for assigning the income to his children and recall also that not only did he assign the income but he assigned the actual asset. To me that suggests that that's consistent. But because it's the other conclusion is clearly erroneous. Well we cited cases to you that juxtapose a plausible non-tax motive like asset protection versus a clear and convincing determination of a specific intent to evade a tax known to do. He didn't actually pay the taxes did he? He did not pay the 1995 tax that was attributable. So it's entirely possible to say look I'm desperate to hide my assets from my creditors so I'm going to put it in the name of the children but God forbid I don't want to cheat Uncle Sam so I'm going to pay the tax on it. Well it's possible to do that you're a tax lawyer you know it's possible to do that yes. It would have been very inconsistent to pay tax on both an income and an asset that had been assigned to somebody else. Inconsistency is not a fault. You can do it you can do it anonymously you can get your lawyer to send the money in and say I'm doing on behalf of an unnamed client who is who is paying the lease he owes this amount of tax and if it comes up the lawyer discloses the name and says yes this is the very client who sent in the tax money right he doesn't have to disclose identity he doesn't right? Am I dreaming here? Hypothetically you're correct but for it for a taxpayer to... I'm sorry what you're saying hypothetically I don't know what you mean this is a hypothetical but he could have done that yes okay if he wanted to pay the tax he wanted to say look I'm gonna cheat my creditors I'm gonna try to conceal assets and and and avoid you know my just debts to everybody in the world except the government he could have done that yes but that would have been inconsistent with the motive to and the asset protection plan why is that well and recall recall also why is that why is that yeah well why couldn't he conceal assets by putting the name of his children and send a check to the government to cover the taxes recognize that this is a sham to hire to cheat creditors but we're not gonna cheat Uncle Sam we're gonna pay our taxes perfectly plausible thing to do the client's a lawyer he knows about stuff like that well I agree it's it's hypothetically possible but it would have been an inconsistent conduct on his part and it would have been inconsistent with an asset protection motive well well okay now miss Clark what about the other I'll call it inconsistent conduct that that the tax court judge found in other words that you know this was really a sham it was only a name only and he kept complete control of the asset right he made all the decisions are those factors are not factors which support the tax court's determination no because I think that those do not bear on a on the clear and convincing requirement to prove a specific intent to evade tax him keeping control of the asset is more consistent with with an asset protection motive and recall the other evidence you know he encumbered a lot of other assets also to hide from creditors that had nothing to do with income taxes or income tax liabilities can I address the 1998 year we are we the embezzlement here yeah and I you want me to do that first let me talk about the constructive receipt on the embezzlement issue then because here we do have uncontradicted evidence that the embezzler diverted the funds before they were received by the law firm oh no wait a minute what do you mean by diverted they they were deposited into his own checking account I'm gonna I'm gonna have a diversion though one step at a time what was uncontradicted was that the client would send a check into the law firm the office manager would steal that check without the knowledge of mr. Graham is not stealing to put it into the account in the name of the employer well no she why is that stealing because she didn't put it into the business account she put it into one of mr. Graham's personal rights just temporarily I don't understand why that stealing how does that meet the theft statute it's not taking control away from the owner I mean you know Graham still has full control of that money in fact she put other checks in there at his direction right correct I respectfully disagree with your conclusion that he maintained control of those funds just because of the hell yeah you know is look at his monthly balance you well you know I have 350 thousand dollars that I can spend at the he had control of it well there was no going down to the bank and said I want to just check for my net of my balance in that checkbook right if he had an internet account you he could check his balances daily I'm not sure they had internet accounts back in 1998 but he didn't he didn't have control because he didn't know that the funds had been diverted temporarily into that account and then the embezzler stole those completed or consummated the embezzlement by stealing the money out of that account again without his knowledge you know we're all lawyers we've all we've all had had accounts but but if if if you do not in fact know that funds have been diverted into your account then it you cannot have control or access of them and certainly there was no evidence here that there was any economic benefit at all realized by mr. Graham and that's and and therefore that's why we have urged you to find that there can be no constructive receipt of income that he was not aware that had been temporarily reverse pickpocket so the reverse pickpocket sticks a lot of hundred-dollar bills into your pocket you're not aware of it then it's not income that's your position it is and that's why those cases that the government cited in the research are just are distinguishable because in those cases consistent with your hypothetical the business or the or the the taxpayer actually had used the why isn't this once again a factual question with the tax the tax court the judge looked at the evidence and asked the question did he have control of the money and found he did now your client says he wasn't aware of it but we don't have to believe him you know he has done plenty of lying in his day you know that he admits to trying to defraud creditors so I can see why a fact might not believe everything he says why doesn't this tax court judge required to believe your client when he says I didn't know the money was there well because the government stipulated that these things had been done without his knowledge if you look in the record and we cited to no no no but but there's very different question whether he knew these things were done with his knowledge or whether he knew what was an account he got bank statements he could he could go down to the bank and check I don't believe there was any evidence in the record that in fact he did get bank statements and the and the testimony from both the embezzler and from mr. Graham was that that that she did not tell him and he did not know so the why it's a blind eye defense basically I can't see in the back of my pocket I don't have eyes in back of my head I can't see what's a big pocket put in my back to a certain extent you're right I mean and and the embezzler was let's face it the office manager and the bookkeeper and was essentially in control of the finances you say that the cases that government depends on or in apposite but on the other hand the main case that you depend on you know that the diversion was not to another account right of the taxpayer but to the embezzlers own account and that's a completely different case there's no case that supports your position on all fours is there that is true that there was a temporary diversion into my to the ultimate enjoyment of those funds by the embezzler okay you've used up your time thank you good morning Richard Parker for the Internal Revenue Service I'd like to first of all with respect to having a plausible reason for defrauding other people that's actually a badge of fraud and actually supports the trial court findings if you look at Solomon which we cite on pages 37 as well as Costco versus Commissioner on 30 to 31 they both indicate that if taxpayer is frauding other people including the municipal tax agency or other corporations that's indication that they are more likely to be defrauding the government so as far as there being a plausible argument that just supports the government's position as well as the tax court's findings that this was a badge of fraud with respect to the investment I think it's important to note that taxpayers conceded that he earned this income it was rental income and income from clients it was income that he actually received and it was income that he went into his checking account so he had actually well but there's no you know Mr. Clark's argument that well but it was diverted to this other account without the taxpayer knowledge if he didn't know it was there he couldn't spend it you don't have a case right on point either do you um I don't believe we have a case right on point however it would be conceded that under 61 a it would be income to him since it's rental income and client fees that are due because it went went into it because he received it for services it went into his personal account over which he had control no because he he performed the services he was entitled to that income so it was income to him I know but he asked her he has to receive it he did receive it it was paid to the firm his office manager received it and then he had actual receipt by being put into his personal account at what point would the government concede that he had not received it he clearly earned it right right okay so let's say let's just deal with cash just to make things simple and mr. Graham $1,000 and hands $1,000 to the office manager who probably takes a thousand dollars puts it in a pocketbook and spends it for own purposes at that point let's say those were the facts would you say that was income to mr. Graham that sounds more of the case that might have been an all-stop but again in the case an all-stop the writer never knew about the income it came in it was strictly taken without her knowledge or ever going in any commingling or anything like that so I think our position would mean that perhaps that was more like um so that would be a case where very likely there would be a diversion before the income exactly okay so let's say it's it's the her pocketbook let's say that she deposits it in her account and her checking account her personal checking account saying the same thing right client is the taxpayer is not aware of it the bookkeeper has diverted it it would be same situation right at what point does it become you know because client had no control of the money the taxpayer had no control of the money at what point does it does the taxpayer get enough control over it to say that he has actually received the income I think we don't need to go that far because in this case the funds were commingled he had access to that checking account and he could use them even if he was not aware that the funds were there yes I because of all those shenanigans he was going with all those different accounts and didn't know what money was there and as an actual matter that's the fact is you can go to your bank you get monthly statements and you can have access to that money it's in your account and all he has to do is go to the bank and find out if it's there or not secondly this is commingled funds it was in there with all of his other money so you can't see what's the the defined legal issue I would what has to happen on this the court referring to is constructive receipt or constructive receipt are you constructed well in this case it was actual receipt but what you're saying constructive receipt is sufficient but in this but in this case it's actual receipt yes your honor the reason it's actual is because he had legal control over that checking account yes your honor what happens if the check is handed over the client to the taxpayer and the taxpayer that hands it to the to the accountant who then steals it well you can hardly say that he didn't know that he had the funds available so it's because when he when he is aware of the funds have I mean the checks in his hands at that point that's actual receipt isn't it do you think that would be that would be dispositive I believe so I mean he would have his hands he claims that he was not the checks came in and he never saw the checks well I believe that's what they're claiming yes the text just came the clients got billed they send in their funds as well as rental income and came into the office manager who put them into his personal checking account and which it was income to him it was put into his personal checking account and coming with his funds it's very similar to the case of Donahue which we do cite so the bottom line is that the taxpayer not the government is left holding the bag for bad employees or people that divert the funds no not at all in this case I mean first of all it's the taxpayer if we go back to the pickpocket situation that's earned income and probably after tax dollars so the taxes were paid they weren't avoided furthermore in this case it wouldn't leave the employer in the bag he'd be entitled to a 165 deduction if he was being able to prove theft in future years in this case there was a problem because of everything that was going on and the fact that they had a possibility of recovery from the embezzler and which was her retirement account as well as three homes that went into foreclosure they had access to those funds and couldn't prove up the loss at that point so no they're not left hanging the bag it's basically though the absolute liability for the income is is the taxpayer is subject to offsets deductions or other things that you might be able to prove down the road correct correct if a taxpayer earns income and it goes into their account they should be paying taxes on it yeah does that apply to us too I mean but imagine paying income on taxes imagine paying taxes on your earned income and how now that we're complaining okay no no further questions I'll rest on the brief thank you thank you honest would you like a minute for a bottle you'll have to take it one minute we didn't talk about the 1998 amended return issue you recall that mr. Graham filed his 1998 return on October 15th 1999 and that return omitted some $135,000 in fee income the evidence was that he discovered that omission called his accountant and tax return preparer told him to report it an amended return was prepared filed and the appropriate additional tax and interest was paid within either three or four weeks depending upon how you how you see things and he got hit with a fraud penalty on that too and my argument on that is very simple and it is this when a taxpayer reveals an omission and cures it within three or four weeks that is the opposite of a specific intent to evade a tax known to be due and I and and when a taxpayer does that voluntarily without being prompted by a governmental investigation or a governmental inquiry I don't see how he didn't buy it it's something like a highly compelling argument but it's not one that is irrefutable your client might have had lots of reasons he might have felt the house of cards was about to collapse and that he would try to by owning up of course he didn't know after everything you know that for a little bit sounds highly fact-intensive to me how is that how is that argument different from the bank robber who goes to the bank the next day and returns the let's say yeah you have a revelation you change your mind you want to come clean I mean it just because if he says you know the fact finder could take it into account but there's nothing that compels the conclusion that you know there was no fraud in it to begin with is there well yeah but how how can how can you have established by clear and convincing evidence a specific intent to this case didn't part of this relate to their estimated tax or no 135,000 no it did not have to do with the estimated tax there was no finding that there was a misestimation which well because well and right because of the omission yes but that but when the 135,000 was included in the amended return all of the appropriate tax penalty and interest that accrued for that three or four week period was satisfied okay thank you
judges: Kozinski, Tashima, McKeown